Leo J. WEINGARDEN, Appellant,

v.

Alfred D. HUGHES, Appellee.

No. 1525.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 8, 1954.

Decided Oct. 8, 1954.

Ira M. Lowe, Washington, D. C., with whom Saul G. Lichtenberg, Washington, D. C., was on the brief, for appellant.

Marvin C. Wahl, Baltimore, Md., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This was a suit brought by appellant, hereinafter called the landlord, for nonpayment of two months' rent by his tenant, the appellee herein. In his answer to the complaint the tenant admitted nonpayment of the rent, but asserted by way of affirmative defense that the conditions of the lease agreement had not been fulfilled, and therefore he was not liable for any rent.

The evidence showed that prior to the leasing of the premises the landlord had conducted in the building an auto accessories store and also repairs to auto electrical parts. The building was located in a first commercial zone, and, under the zoning regulations, businesses situated in such a zone must be engaged primarily in retail sales

and only incidentally in repair service. The tenant and his partner were engaged in the business of repairing electric motors and, although they made a few retail sales, such sales never amounted to more than 5% of their business.

In 1950 the tenant arranged to lease the property in question, and a lease agreement was entered into which contained among others the following condition: "The Lessees can secure an occupancy permit for the conduct of their business on the leased premises." The landlord and tenant went together to the District Building to obtain the required occupancy permit. The landlord filled out the application, and it was signed by the tenant. The application originally stated that the business to be conducted was electric motor sales and service. When the clerk informed the parties that an occupancy permit could not be issued for that type of business in a first commercial zone, the word "retail" was inserted before the words "electric motor sales and service." The occupancy permit was then issued to the tenant.

In January 1953 the landlord agreed to allow the tenant to sublease the premises to another. The tenant in the meantime had incorporated his business and moved it to another location. Several months later the sublessee moved out, and the tenant decided to occupy the premises again. In accordance with the regulations he applied for a new occupancy permit. This application described his business as electric motor repair. The District of Columbia refused to issue an occupancy permit for that business, and the tenant was unable to re-occupy the premises. He notified the landlord of this fact and also put him on notice that he considered the lease terminated. When the rent was not paid for the subsequent months, this suit followed.

At the conclusion of the trial the court found that the condition of the lease as to the occupancy permit had not been fulfilled and that the tenant was therefore not obligated to pay any further rent. From this finding and judgment, the landlord appeals.

■ We find no error in the trial court's decision. The lease, which was drawn up by the landlord's attorney, states very clearly that the agreement was conditioned on the tenants' obtaining an occupancy permit for the conduct of their business on the leased premises. The evidence was uncontroverted that the tenant's business was, and always has been, electric motor repair. There was no evidence at trial to support the landlord's contention that the nature of the business has been changed since the tenant first occupied the premises. If a misstatement as to the nature of the business had not been made in the original application filed in 1950, no occupancy permit would have been issued at that time and the lease would have been void. Surely, the landlord is in no position now to complain, after collecting rents for three years, because the tenant in filing his new application for occupancy set forth the correct data as to the nature of his business. Undoubtedly, that information should have been given in the application filed in the first instance. The courts will not penalize a party for correcting misinformation previously given to Government officials.

■ The landlord also contends that there was no assignment of the lease to the corporation which succeeded to the business previously carried on as a partnership, and that the denial of an occupancy permit to the corporation in 1953 has no effect on the tenant's liability. In answer to this we need look no further than to a letter introduced at trial, signed by the landlord and addressed to the corporation, giving it the right to sublease the premises on the condition that the corporation remain liable for the rent.

■ This case was basically a factual question for the trial judge as to whether there was, in fact, a change in the nature of the business of the tenant. This issue was fairly submitted to the court, and its findings, being supported by the evidence, must stand.

Affirmed.